# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| **WILLIE HINTON**<br>205 E. Mill St<br>Osawatomie, Kansas 66064-1138<br>     Plaintiff,<br><br>v.<br><br>**GREGG SMITH FORD,<br> LINCOLN/MERCURY, INC.**<br>(Serve: Registered Agent<br> Gregg Smith,<br> 1316 Price Lane<br> Clinton, Missouri 64735)<br><br>and<br><br>**WELLS FARGO AUTO FINANCE, INC.**<br>(Serve: Registered Agent, Corporation Service<br>Company, 200 SW 30TH St., Topeka, KS 66611),<br><br>     Defendants. | Case No. 09-CV-2539 EFM/KMH |

## COMPLAINT

### Preliminary Statement

This lawsuit arises out of a transaction for the purchase and sale of a 2007 Cadillac automobile by plaintiff Willie Hinton from Defendant Gregg Smith Ford, Lincoln/Mercury, Inc. ("Dealer" or "Dealership"). A retail sales installment contract ("RISC") executed by plaintiff and Dealer for the purchase of the Cadillac was sold and assigned by Dealer to Wells Fargo Auto Finance, Inc. ("Wells Fargo"). However, Dealer failed to deliver the title to the vehicle to plaintiff, rendering the RISC for the sale fraudulent and void under Missouri law, § 301.210.4 RSMo. Plaintiff repudiated the RISC and returned the vehicle two days latter. Nevertheless, Wells Fargo, despite knowing or having reason to know the RISC was void, harassed plaintiff with endless phone

1

calls and threats to pay a debt he did not owe; reported the debt to the credit reporting agencies without also reporting the debt as disputed and further, failed to conduct a reasonable investigation in response to plaintiff's dispute to the credit reporting agencies. Such acts by defendants caused plaintiff damage.

**Parties**

1.  Plaintiff, an individual citizen and a resident of Kansas who resides at the address set forth in the caption of this Complaint, is a 78 year old retired janitor who did not complete the 8th grade and lives on a monthly social security check in the amount of $814.

2.  Defendant Dealer is a corporation, organized under the laws of Missouri, with a registered agent for the service of process as set forth in the caption of this Complaint, that, at all times relevant, was engaged in the business of buying, selling and financing the sales of used cars under a dealer license issued by the Missouri Department of Revenue, #D293. Whenever referred to in this matter, Dealer includes the agents, servants, or employees of such entity acting within the scope and course of their agency.

3.  Defendant Wells Fargo Auto Finance, Inc. is a foreign corporation organized under the laws of California, with its principal place of business in Pennsylvania; it maintains a registered agent and registered office for the service of process as set forth in the caption of this Complaint. Whenever referred to in this matter, Wells Fargo includes the agents, servants, or employees of such entity acting within the scope and course of their agency.

**Jurisdiction**

4.  Jurisdiction is conferred under 28 U.S.C. §1332, and further by 15 U.S.C. 1681(p) and 28 U.S.C. 1367.

## Allegations Common to All Counts

5.      In October of 2007, plaintiff received a flyer at his home address from dealer announcing that he had won a prize valued at more than $100, which prize plaintiff had to pick up in person at the dealership in Missouri.

6.      On or about October 20, 2007, plaintiff went to the dealership for the sole purpose of picking up his prize. However, he could not get any of the dealer's salesmen to tell him what he won; instead they kept pushing him to test drive one of dealer's cars. Plaintiff began asking repeatedly when he could get his prize. The sales person would tell him his prize was coming and leave; and then a different sales person would approach plaintiff and pressure him to drive a car. He finally test drove a Cadillac. Plaintiff admired the vehicle, but told the dealer he could not afford this car, that he only had a monthly income of $817.

7.      Dealer told plaintiff that he would give him a $1,500 rebate that could be used to pay the initial monthly payments on the Cadillac, after which he could likely get his payments reduced.

8.      On October 20, 2007, dealer and Wells Fargo pulled plaintiff's TransUnion credit report which contained approximately 13 adverse accounts and stated plaintiff was a retired janitor.

9.      Dealer sold plaintiff a used 2007 Cadillac, VIN 1G6DM57T070103418, ("Cadillac"). The RISC plaintiff obligated him to pay dealer $31,151.50 in 72 payments at $712.15 a month, at an annual percentage rate of 17.80%. The RISC was subsequently assigned to Wells Fargo.

10.     The amount financed included:

        a)      $29,299 for the Cadillac;

        b)      $1,502.50 for fees paid to public officials; and

        c)      $350.00 for Safe Guard insurance products.

3

A copy of the RISC is attached hereto as Exhibit A.

11. Wells Fargo received a credit application that reflected plaintiff had a monthly income of $5,576.

12. Plaintiff was not provided a copy of the credit application.

13. The prize plaintiff received from the dealer was a $10.00 Walmart gift card.

14. Dealer failed to deliver to plaintiff a duly assigned title to the Cadillac at the time of delivery.

15. On October 22, 2007, while the RISC was still executory, plaintiff repudiated the RISC by returning the vehicle to defendant dealer at its above place of business, in substantially the same condition it was in when delivered to him, stating that he wanted nothing more to do with the Cadillac.

16. On the same day, dealership drove the Cadillac to plaintiff's house and parked it on the street outside of his house where it remained untouched by the plaintiff until December 3, 2007, when plaintiff again returned the Cadillac to the dealer, in substantially the same condition it was in when delivered to him, along with a letter that the RISC was void as of October 22, 2007, when plaintiff first returned the vehicle to the dealership.

17. On October 24, 2007, Wells Fargo transferred $30,926.50 to dealership.

18. On October 26, 2007, plaintiff received a packet from the dealership, which he sent back to the dealership on October 29, 2007, via certified mail. Upon information and belief, that packet contained a $1,500 check and the Cadillac's title.

21. On or about November 13, 2008, Wells Fargo sent plaintiff a letter stating he was approved for credit at the dealership but not at the original terms.

22. On December 4, 2007, and in many subsequent letters, Wells Fargo was

4

informed that the RISC was void.

23. Wells Fargo, despite early and repeated notice that the RISC was void, harassed and dunned plaintiff for payment calling him and his wife sometimes multiple times a day.

24. Wells Fargo continued to dun and harass plaintiff even after they knew he was represented by an attorney.

25. Wells Fargo reported the negative information, it knew or should have known was inaccurate, to one or more of the three major credit reporting agencies regarding the void RISC.

26. Wells Fargo reported the negative information to one of more of the credit reporting agencies without also reporting that plaintiff disputed the debt.

27. Plaintiff subsequently wrote letters to the credit reporting agencies disputing Wells Fargo's derogatory report of the account and requesting an investigation of the derogatory report.

28. On information and belief, each of the credit reporting agencies contacted Wells Fargo to verify the accuracy and completeness of the derogatory report.

29. On information and belief, Wells Fargo either did not conduct an investigation into the accuracy and completeness of the derogatory report or failed to conduct a reasonable investigation in response to the requests of the credit reporting agencies.

30. Wells Fargo verified the debt, continue to report the debt as valid, and continue to omit the fact that plaintiff disputed the debt.

31. As a result of the negative entry, plaintiff was denied credit.

## Count I – Missouri Merchandising Practices Act
## Claim for Relief against Defendant Gregg Smith Ford, Linclon/Mercury, Inc.

For Count I of his cause of action against Defendant Gregg Smith Ford, Lincoln/Mercury, Inc., plaintiff incorporates all preceding paragraphs and states:

32. The Missouri Merchandising practices Act, provides:

> [t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . ., in or from the state of Missouri, is declared to be an unlawful practice. [. . .] Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation. § 407.020 RSMo.

33. The Missouri Merchandising practices Act, defines advertisement, and unfair practices as set forth below.

> a. "Advertisement," the attempt by publication, dissemination, solicitation, circulation, or any other means to induce, directly or indirectly, any person to enter into any obligation or acquire any title or interest in any merchandise; § 407.010(1) RSMo.
>
> b. "Unfair Practice in General."
>    (1) An unfair practice is any practice which
>    (A) Either—
>       1. Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or
>       2. Is unethical, oppressive or unscrupulous; and
>    (B) presents a risk of, or causes, substantial injury to consumers.
>    (2) Proof of deception, fraud or misrepresentation is not required to prove unfair practices as used in section 407.020.1; 15 CSR 60-80.020.

34. Dealership engaged in misrepresentation, omission of material fact, unfair and illegal practices and failed to act in good faith all in violation of §407.020; including but not limited to the ways set forth below.

> a. Dealership advertised that plaintiff would receive a gift valuing at least $100 if he came

6

to its place of business. Plaintiff did not receive such a gift.

b. Dealer represented to plaintiff that he qualified for an extension of credit based on his income, when in fact the credit application did not reflect plaintiff's income.

c. Dealer represented to plaintiff that he would receive a "rebate" when in fact, upon information and belief, the amount was tacked onto the RISC, labeled as "paid to public officials;"

d. Dealership failed to assign and deliver the Cadillac's title to the plaintiff rendering the RISC to sell the Cadillac to plaintiff fraudulent and void as a matter of law pursuant to § 301.210.4 RSMo.

e. Despite Dealer's advance knowledge of title law, it represented to plaintiff, and its assignee, Wells Fargo, that the RISC was valid.

f. Dealer violated § 301.562.2(5) RSMo, which prohibit car dealers from "[o]btaining or attempting to obtain any money, commission, fee, barter, exchange or other compensation by fraud, deception or misrepresentation."

35. The allegations set forth above are unfair and deceptive acts and practices prohibited by § 407.020 RSMo; and further such acts and conduct constitute grounds for the suspension or revocation of Gregg Smith Ford Lincoln/ Mercury's dealer license under § 301.562(5) and (6) RSMo.

36. As a result of dealer's actions plaintiff suffered injury, including but not limited to, harm to credit, inability to access credit, legal fees, annoyance and inconvenience, humiliation and embarrassment.

37. Dealer is liable, by reason of its above alleged acts and conduct, for actual damages, punitive damages and attorney's fees, all as provided for in § 407.025 RSMo.

38. Dealer's acts and conduct as alleged above are outrageous because of dealer's evil motive or reckless indifference to the rights of plaintiff, thereby calling for an assessment of punitive damages against dealer in order to deter dealer and others from like conduct in the future.

WHEREFORE, plaintiff prays for judgment against Defendant Gregg Smith Ford, Lincoln/Mercury, Inc for a fair and reasonable amount of actual damages and for an assessment of punitive damages against Defendant, in excess of SEVENTY-FIVE THOUSAND 00/100 DOLLARS ($75,000.00) as the jury may see fit to assess, together with his attorney fees and costs and such other relief as the Court deems proper.

## Count II – Kansas Consumer Protection Act
### Claim for Relief against Defendant Gregg Smith Ford, Linclon/Mercury, Inc.

Plaintiff brings Count II in the alternative to Count I, against defendant Gregg Smith Ford, Lincoln/Mercury, Inc.; plaintiff incorporates all preceding paragraphs and states:

39. In determining if an act is unconscionable, "the court shall consider circumstances of which the supplier knew or had reason to know"...

> (1) The supplier took advantage of the inability of the consumer to reasonably protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of the agreement or similar factor;
> (4) when the consumer transaction was entered into, there was no reasonable probability of payment of the obligation in full by the consumer;
> (6) the supplier made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment; . . . [.] K.S.A. § 50-627

40. K.S.A. § 50-626 provides that "[d]eceptive acts and practices include, but are not limited to, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled:"

> (2) the willful use, in any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact;
> (3) the willful failure to state a material fact, or the willful concealment, suppression or omission of a materal fact: . . . [.]

41. The allegations set forth above are deceptive and unconscionable acts and practices prohibited by K.S.A. §§50-626 and 50-627.

42. As a result of dealer's actions plaintiff suffered injury, including but not limited to, harm to credit, inability to access credit, legal fees, annoyance and inconvenience, humiliation and embarrassment.

43. Dealer is liable, by reason of its above alleged acts and conduct, for actual damages and attorney's fees, all as provided for in K.S.A. § 50-634.

WHEREFORE, plaintiff prays for judgment against Defendant Gregg Smith Ford, Lincoln/Mercury, Inc for a fair and reasonable amount of actual damages in excess of SEVENTY-FIVE THOUSAND 00/100 DOLLARS ($75,000.00) as the jury may see fit to assess together with his attorney fees and costs and such other relief as the Court deems proper.

### III.   Derivative Action
### Derivative Claim for Relief against Wells Fargo

For Count III of his cause of action against defendant Wells Fargo Auto Finance, Inc. plaintiff incorporates all preceding paragraphs and states:

44. The Retail Installment Sales Contract contains the following clause:

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

45. Defendant Wells Fargo, pursuant to the contract language set forth above, is liable to plaintiff for Defendant Dealer's acts and conduct alleged in Counts I or the alternative Count II, above.

WHEREFORE, plaintiff prays for judgment against Defendant Wells Fargo Auto Finance, Inc., for such amounts as awarded against Defendant Gregg Smith Ford, Lincoln/Mercury, Inc under

Count I, or in the alternative Count II, in excess of SEVENTY-FIVE THOUSAND 00/100 DOLLARS ($75,000.00) as the jury may see fit to assess, together with his attorney fees and costs and such other relief as the Court deems proper.

### IV. Kansas Consumer Protection Act
### Claim for Relief against Wells Fargo

For Count IV of his cause of action against defendant Wells Fargo Auto Finance, Inc., plaintiff incorporates all preceding paragraphs and states:

46. Wells Fargo, despite its superior knowledge of title law, and its knowledge that plaintiff claimed the RISC was void, and its ability to access records which would which would support plaintiff's contention that he did not receive the title, harassed and dunned plaintiff to pay a debt that it knew or had reason to know, plaintiff was not obligated to pay.

47. The allegations set forth above are deceptive and unconscionable acts and practices prohibited by K.S.A. §§50-626 and 50-627.

48. The conduct of Defendant Wells Fargo, as alleged above, caused plaintiff to suffer actual loss and damage including, but not limited to, legal fees, inconvenience, harm to credit, humiliation, embarrassment, and emotional distress.

49. Defendant Wells Fargo is therefore liable to plaintiff for actual damages or civil penalties, which ever is greater, enhanced penalties and reasonable attorney fees, as provided by K.S.A. §§ 50-634, 50-636, and 50-677.

WHEREFORE, plaintiff prays for judgment on Count IV against defendant Wells Fargo Auto Finance, Inc., in such fair and reasonable amount of actual or statutory damages, whichever is greater, together with his attorney fees and costs in excess of SEVENTY-FIVE THOUSAND 00/100 DOLLARS ($75,000.00) and such other relief as the Court deems proper.

## Count V– Fair Credit Reporting Act
## Claim for Relief against Defendant Wells Fargo

For Count V of his cause of action against defendant Wells Fargo Auto Finance, Inc. plaintiff incorporates all preceding paragraphs and states:

50. Wells Fargo violated the Fair Credit Reporting Act, ("FCRA") 15 U.S.C. §1681s-2(b) by continuing to report the plaintiffs as delinquent to the credit reporting agencies without also informing them that the debt was disputed.

51. Wells Fargo violated the FCRA, 15 U.S.C. §1681s-2(b) by failing to reasonably investigate the validity and accuracy of the debt when notified by the CRAs that plaintiff disputed the derogatory report.

52. As a result of this conduct, action and inaction of Wells Fargo, plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; an increased cost of existing credit; and mental and emotional pain, anguish, humiliation and embarrassment.

53. The conduct, action and inaction of Wells Fargo alleged above was made and done in reckless disregard of, and indifference to, the rights of the plaintiff, thereby calling an assessment of actual or statutory damages and punitive damages, pursuant to 15 U.S.C §1681n, in order to punish Wells Fargo and to deter it and others from engaging in like conduct in the future. In the alternative, it was negligent, entitling plaintiff to recover actual damages pursuant to 15 U.S.C §1681o.

WHEREFORE, plaintiff pray for judgment against defendant Wells Fargo on Count V of his Complaint for his actual or statutory damages, punitive damages, and for his costs and his attorney's fee pursuant to 15 U.S.C. § 1681n and /or § 1681o; and such other relief as the Court may deem just and proper.

**Jury Demand – Place of Trial**

Plaintiffs demand trial by jury. Plaintiffs desire the trial to be held in Kansas City, Kansas.

Date: October 16, 2009.

Respectfully submitted,

SLOUGH CONNEALY IRWIN
& MADDEN LLC

_____
DALE K. IRWIN           #24928
AMY SWEENY DAVIS        #45766
1627 Main Street, Suite 900
Kansas City, Missouri 64108
(816) 531-2224
(816) 531-2147 (telecopier)
davis@scimlaw.com
dirwin@scimlaw.com

**Attorneys for Plaintiff**